38

**YU CHUN CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–0807–ag.

United States Court of Appeals, Second Circuit.

May 25, 2006.

Aleksander Milch, Christophe & Associates, New York New York, for Petitioner.

Margaret M. Chiara, United States Attorney for the Western District of Michigan, Michael L. Schipper, Assistant United States Attorney, Grand Rapids, Michigan, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Yu Chun Chen, through counsel, petitions for review of the January 2005 BIA decision denying his motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.*

The BIA denied Chen's motion to reopen because he failed to offer previously unavailable material evidence or to establish changed country conditions in China. *See* 8 C.F.R. § 1003.2(c)(1), (3)(ii); *INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). The BIA did not abuse its discretion. In support of his motion to reopen, Chen submitted certificates of his wife's abortion and cremation that indicated they were reissued or replacement versions of documents originally issued in 1999. He also submitted statements by his relatives corroborating the details of his wife's death. Chen did not explain why these documents or statements were unavailable at the time of his initial hearing. In support of his claim of changed country conditions, Chen submitted evidence that China's birth control policy had been codified since his removal proceedings; however, as the BIA noted, that codification represents a continuation, rather than a change, in China's birth control policy. Finally, we lack jurisdiction to review the BIA's decision not to exercise its authority to reopen Chen's proceedings

sua sponte. *Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006) (per curiam).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.